Filed 10/31/24  P. v. Bates CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C099376 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF1600883 & CRF1602138) |
| v. | |
| JEFFREY ALLEN BATES, | |
| Defendant and Appellant. | |

Defendant Jeffrey Allen Bates appeals from the trial court's August 2023 resentencing pursuant to Penal Code section 1172.75 (undesignated statutory references are to the Penal Code).  He asks us to remand the matter because the trial court declined to conduct a full resentencing.  The People properly concede the issue.  We remand the matter for resentencing.

1

## FACTUAL AND PROCEDURAL BACKGROUND

1.      Case Number CRF16-00883 (case No. 0883)

In July 2016, defendant pled no contest to driving under the influence with two or more prior driving under the influence convictions.  He also admitted a prior strike and a prior prison term.

In exchange, the parties agreed defendant would enter a 12-month residential treatment program.  If he successfully completed the program, the trial court would impose but suspend execution of a five-year prison sentence (the upper term of four years, plus one year for the prior prison term enhancement), with the strike stricken and defendant would be on probation.  If he failed to successfully complete the program, the trial court would sentence defendant to nine years in prison, as follows:  the upper term of four years doubled due to the strike and one year for the prior prison term enhancement.

Defendant entered the residential treatment program in August 2016.  In November 2016, he was released from the program on a three-day temporary pass and was subsequently arrested and unable to return.

2.      Case No. CRF16-02138 (case No. 2138)

While defendant was released from the program in case No. 0883, defendant and his wife got into an argument.  Defendant's brother-in-law attempted to intervene, and defendant ended up hitting both the wife and the brother-in-law.  Defendant also choked the wife and dragged her across a bridge.

In December 2016, defendant pled guilty in case No. 2138 to kidnapping (count 1) and assault by means of force likely to cause bodily injury (count 5).  As to both counts, he also admitted a prior strike based on a 1999 conviction for burglary.  Defendant also admitted he violated the plea agreement in case No. 0883.

In exchange for the plea, the parties stipulated to a 15-year prison sentence, as follows.  In case No. 2138, for count 1, the sentence included the middle term of five years doubled to 10 years due to the strike and, for count 5, two years consecutive (one-

2

third the middle term of three years (or one year) doubled due to the strike). In case No. 0883, the sentence included two years consecutive (one-third the middle term of three years (or one year) doubled due to the strike), plus one year consecutive for the prior prison term enhancement. The trial court sentenced defendant accordingly.

3.     Section 1172.75 Resentencing Hearing

Prior to August 2023, the trial court struck the one-year prior prison term enhancement in case No. 0883 pursuant to section 1172.75, but otherwise left the sentence unchanged in case Nos. 0883 and 2138.

In August 2023, defendant filed a petition for resentencing. Defendant acknowledged that the prior prison term enhancement had been struck as required under section 1172.75. However, he argued that the trial court had failed to conduct a full resentencing as required under section 1175.75. Pointing to sections 1385 and 1170, defendant asked the court to consider striking the strike and reducing his sentence to the lower term. Defendant argued his prior strike was "stale," since it was from 1999, and that he had suffered childhood trauma. He further argued the trial court should impose the low term on the principal count in case No. 2138 because there were no stipulated aggravating factors, and defendant had suffered childhood trauma. Defendant further noted he was sober and had participated in multiple self-help programs, including substance abuse treatment, life skills, parenting, anger management, and overcoming criminal thinking and addictive behavior. He also had taken education courses.

The prosecution filed a brief arguing defendant had pleaded to the upper term in case No. 0883 and was not entitled to a full resentencing pursuant to *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted Dec. 14, 2022, S277314. Alternatively, the prosecution argued the upper term was justified based on defendant's extensive criminal history. The prosecution submitted a certified rap sheet.

During the resentencing hearing later that month, the trial court stated it was going to base its decision on *Mitchell*, which the trial court described as holding that, in a case

3

with a stipulated plea, "there is no occasion for the Court to find any aggravating facts in order to justify the imposition of an upper term at sentencing." The court then noted the stipulated plea in case No. 2138 imposed the middle term on both counts but reasoned that defendant had stipulated to an aggregate term. The court reasoned that, under *Mitchell*, when there was a stipulation as to the term of years, it had "no room to exercise discretion in selecting a low, mid, or high term," and it would follow the stipulated term. The court imposed an unchanged 14-year prison sentence.

Defendant timely appealed.

## DISCUSSION

Defendant asks us to remand the matter because the trial court failed to conduct a full resentencing pursuant to section 1172.75, and the People properly concede the error.

Section 1172.75 requires the Secretary of the Department of Corrections and Rehabilitation to identify and notify the trial court of individuals who have now invalid sentences previously imposed under former section 667.5, subdivision (b). (§ 1172.75; see also Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728).) The trial court must recall and resentence such eligible individuals, including applying "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2); see *People v. Carter* (2023) 97 Cal.App.5th 960, 977 ["the Legislature intended that the full resentencing procedure in section 1172.75 should be applied to all sentences, including stipulated sentences imposed as part of a plea bargain"].)[1] The trial

---

[1] We additionally note that section 1172.75's requirement that resentencing courts must apply any changes that reduce sentences or provide for judicial discretion means *Mitchell* is inapplicable here. Unlike the defendant here, the defendant in *Mitchell* was appealing directly from her no contest plea with a stipulated term of six years, including an upper term on one of the counts. (*Mitchell, supra*, 83 Cal.App.5th at pp. 1054-1055.) On appeal, she argued the sentence was erroneous based on Senate Bill No. 567 (2021-2022 Reg. Sess.), which amended section 1170 to limit the trial court's ability to impose upper

4

court here erred in failing to do so, and the appropriate remedy is to remand the matter for a full resentencing. (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

Given that we are remanding the matter for a full resentencing, we decline to reach the People's argument that, should the trial court alter the parties' plea agreement by further reducing defendant's sentence beyond merely striking the prior prison term, the prosecution is entitled to withdraw from the plea agreement pursuant to *People v. Stamps* (2020) 9 Cal.5th 685. This issue is pending before our Supreme Court. (See *People v. Montgomery* (2024) 100 Cal.App.5th 768, 777, review granted May 29, 2024, S284662 [prohibiting the prosecution from withdrawing from a plea agreement where a trial court imposes a lower sentencing on resentencing pursuant to § 1172.75 beyond striking any prior prison term enhancement]; see also *People v. Coddington* (2023) 96 Cal.App.5th 562, 572 [a defendant eligible for resentencing pursuant to § 1172.75 may argue for further reductions to his sentence beyond any prior prison term enhancements, although "with the understanding that if the trial court is inclined to exercise its discretion, such a determination may affect the prosecution's ability to withdraw from the plea agreement"].) More importantly here, though, the trial court has neither conducted a full resentencing nor determined whether the prosecution would be allowed to withdraw from any plea, making the issue premature.

## DISPOSITION

The sentence is reversed, and the matter is remanded for a full resentencing. Upon completion of the resentencing, the trial court is directed to prepare an amended abstract

---

term sentences absent a stipulation by the defendant or a finding of aggravating circumstances at trial. (*Mitchell,* at p. 1054.) This court affirmed the judgment, reasoning that the defendant was not entitled to relief because the changes to section 1170 did not apply retroactively to stipulated plea agreement. (*Id.* at pp. 1057-1059.) Regardless of how our Supreme Court resolves this issue, it does not affect our analysis here because section 1172.75 does not make any exception for stipulated sentences.

5

of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
KRAUSE, J.